IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00538-GPG

SIMAO PEDRO CATCHAI,

    Plaintiff,

v.

DEPARTMENT OF JUSTICE, EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, and DEPARTMENT OF HOMELAND, IMMIGRATION AND CUSTOMS ENFORCEMENT,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Simao Pedro Catchai, has filed *pro se* a Complaint and Jury Demand (ECF No. 1) and an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (ECF No. 3). The Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) will be granted.

The court must construe the complaint liberally because Mr. Catchai is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

Mr. Catchai claims his rights were violated during immigration proceedings that resulted in a final order of removal. During those proceedings, "he sought asylum, withholding of removal, and protection under the United Nations Convention Against Torture (CAT) on the basis of political persecution." *Catchai v. Holder*, 591 F. App'x 665, 666 (10th Cir. 2014). The immigration judge found Mr. Catchai not credible and ordered

his removal, the Board of Immigration Appeals affirmed, and the United States Court of Appeals for the Tenth Circuit denied his petition for review.  *See id.*  Mr. Catchai appears to acknowledge that this Court does not have "jurisdiction to review the immigration case."  (ECF No. 1 at 1.)  Nevertheless, he contends "[t]he Deprivation of the Plaintiff's civil rights rises based on how the law was wrongly applied and the due process of law of the Constitution of the United States was violated" by the immigration judge, the Board of Immigration Appeals, the Tenth Circuit, and the Bureau of Immigration and Customs Enforcement.  (*Id.*)  Whatever due process claim Mr. Catchai may be asserting stemming from the proceedings in his immigration case must be dismissed because the Court lacks jurisdiction to consider that claim.  *See Green v. Napolitano*, 627 F.3d 1341, 1346-47 (10th Cir. 2010).

Mr. Catchai also asserts several claims contending his rights under various criminal statutes and federal treaties have been violated.  As relief he seeks an injunction or temporary restraining order to restrain violations of his civil rights under 18 U.S.C. § 242 and damages for torture, emotional distress, and trauma.  These claims also will be dismissed for lack of jurisdiction to the extent Mr. Catchai is asking the Court to review the proceedings in his immigration case.  *See id.*

Furthermore, Mr. Catchai lacks standing to assert claims premised on alleged violations of criminal statutes because courts universally endorse the principle that private citizens cannot prosecute criminal actions.  *See, e.g., Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir.1989) (per curiam); *Connecticut Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86-87 (2d Cir.1972) ("It is a truism, and has been for many decades, that in our

federal system crimes are always prosecuted by the Federal Government, not as has sometimes been done in Anglo-American jurisdictions by private complaints."); *Winslow v. Romer*, 759 F. Supp. 670, 673 (D. Colo.1991) ("Private citizens generally have no standing to institute federal criminal proceedings."). In addition, the statutes Mr. Catchai cites do not provide for a private right of action that would authorize an award of damages. *See, e.g., Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) (dismissal of claims alleging violations of criminal statutes proper if criminal statutes do not provide for a private right of action).

Finally, Mr. Catchai cannot recover an award of damages in this action because Defendants are federal government agencies. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.").

For these reasons, the complaint will be dismissed. The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (ECF No. 3) is granted. It is

FURTHER ORDERED that the Complaint and Jury Demand (ECF No. 1) and the

action are dismissed.    It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this   7th   day of   March  , 2016.

BY THE COURT:

   s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge  
United States District Court